INZER, Justice.
Appellant, Harry E. Blythe, brought suit in the Circuit Court of George County against appellee, Connie G. Wilkerson, seeking to recover the amount of $1350, the purchase price of a registered Charo-láis heifer. The declaration charged that on November 15, 1964, appellant sold and delivered to appellee one purebred Charo-láis heifer, registration number F-6787, *542 named Miss Blythe 44, at an agreed price of $1350; that the heifer was duly registered with the American-International Charoláis Association. It was further alleged that in payment for the heifer appel-lee gave his personal check for the purchase price, which was accepted by the appellant. It was then alleged that appellee stopped payment on the check and when it was presented to the bank it was not paid, and that appellee had not paid for the heifer, although often requested so to do. A copy of the registration certificate was attached to the declaration.
Appellant answered the declaration and admitted that on November 15, 1964, he went to the farm of appellant to purchase one Charoláis heifer for the price of $1350 and admitted that he gave his check for the purchase price of the animal, but denied that the animal was registered as a purebred. He affirmatively charged that appellant held the animal out to be one hundred percent purebred Charoláis when in truth and fact she was not. Appellant admitted that he stopped payment on the check and that he had not paid for the animal but alleged that he stood ready, willing and able to return the animal and that appellant was not entitled to the amount sued for. Appellee also filed a counterclaim wherein he charged “that the said Harry E. Blythe falsely misrepresented said animal to him, did not comply with the terms and conditions of the contract, and caused the said Connie Wilkerson to travel to Maryland at his own expense at a cost of $450.” For this amount he asked judgment.
Appellant answered the counterclaim and denied that he falsely misrepresented the animal or that he failed or refused to comply with the contract. He further denied that he caused appellee to travel to Maryland at the cost of $450.
A trial was had and at the conclusion of the evidence the court overruled the motion on behalf of appellant for a peremptory instruction. The case was submitted to a jury and they were unable to agree on a verdict; a mistrial was declared.
Both appellant and appellee filed motions for a judgment notwithstanding the verdict of the jury. The court overruled the motion of appellant but sustained the motion of appellee except as to damages set forth in the counterclaim. A judgment was entered dismissing the suit and from this judgment this appeal is prosecuted.
Appellant’s assignment of error is as follows :
(1) The Trial Court committed error in refusing to grant Plaintiff’s Instruction #1, requesting judgment in the amount sued for.
(2) The Trial Court committed error in overruling Appellant’s motion for Judgment filed after the Court had entered an Order for a Mistrial.
(3) The Trial Court committed error in granting Defendant’s motion for Judgment and entering Judgment for Defendant.
Appellee, for about two years prior to September 7, 1964, had been interested in buying a Charoláis heifer and on that date he wrote appellant a letter wherein he stated: “I am interested in a Charoláis heifer [reg. only]. If you have one for sale, please send me the price and other information on them.” Blythe answered and informed appellee that he had some animals for sale and included therein was a purebred Charoláis heifer which he would sell for $1350. On November 16, 1964, ap-pellee, accompanied by his wife, went to the farm of appellant near Chesapeake City, Maryland. Appellant showed him his cattle and discussed with appellee the breed lines of his various cows. He showed him the heifer that he finally sold him. Appel-lee admitted that he had read up on the Charoláis breed of cattle and knew that the breed was developed in France. He testified that Mr. Blythe never told him that the animal he was selling him was a hundred percent Charoláis but did tell him *543 that she was a purebred animal and was registered. Appellee also admitted that appellant gave him a copy of the pedigree showing the facts about the animal he bought but said that he did not read the papers until he was nearly back to his home in Mississippi. He also said that he then discovered for the first time that the animal was not a hundred percent Charo-láis. The record reflects that the Charo-láis breed of cattle has been in the process of development in this country and the breeders have formed an association known as American-International Charo-láis Association. Due to the fact that it was practically impossible to secure, one hundred percent Charoláis cattle from France, the breed has been developed in this country by breeding up from other breeds of beef cattle. The testimony also reflects that when a ^sths cow is bred to a Charoláis animal registered as purebred, the offspring is entitled to be registered as a purebred. The animal that ap-pellee purchased was the offspring of a 13/iGths cow bred to a purebred bull, and as such was registered with the association as a purebred animal. Appellee admits that appellant told him that the animal he purchased was purebred but did not represent that she was a hundred percent Char-oláis, although he thought that the term “purebred” meant that the animal was a hundred percent Charoláis. In the nomenclature of the association, the animal which he purchased was a purebred. Ap-pellee’s own testimony reflects that appellant did not in any way misrepresent the animal he purchased.
Appellee relied no two defenses: First, he denied that the animal appellant sold him was registered. The proof clearly establishes that she was registered by the association as a purebred animal. Appellee contends that wfyen the percentage is figured from the pedigree delivered to him that the heifer’ he bought was not a 3%2nds animal but was actually a 30-%2nds animal. Evidently this was the basis upon which the trial judge granted ap-pellee a judgment notwithstanding the verdict. However, there is no doubt that the heifer was, under the rules of the association; entitled to be and was registered as a purebred animal. This is all that appellant represented her to be. Appellee had in his possession the pedigree of the animal before he left appellant’s farm and although he did not read it until later, he is charged with notice of its contents.
Appellee’s second defense was the affirmative defense that appellant represented the animal to be a hundred percent Charoláis. His own testimony negates this defense.
When the record in this case is considered in the light most favorable to appel-lee, it is clear that appellant was entitled to the instruction which he requested instructing the jury to find for him in the amount of $1350, the agreed price of the heifer. The refusal of this instruction was error and the granting of appellee’s motion for a judgment notwithstanding the verdict of the jury was likewise error. For this reason, the judgment in favor of appellee is reversed and judgment entered here in favor of appellant for $1350; the purchase price of the animal.
Reversed and judgment here for appellant.
GILLESPIE, P. J., and JONES, BRADY, and ROBERTSON, JJ., concur.